UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                     │
│ DATE FILED: 7/27/2021 _____              │
└─────────────────────────────────────────┘
```

DWAYNE RODRIGUEZ,

                            Plaintiff,

        -against-

CITY OF YONKERS, MOLINA, CLERIGO,
CALLAHAN, JACKSON, GOMALLY, BLAKE,
BELLUSCIO, CLAYTON, ALMONTE,
COGAIALLO, BUCHANAN, COLLINS,
WESTCHESTER COUNTY, CORRECT CARE
SOLUTIONS D/B/A CCS, ARAMARK
CORRECTIONAL SERVICES, LLC,

                            Defendants.

No. 19-cv-02120 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        Plaintiff Dwayne Rodriguez ("Plaintiff"), proceeding pro se, commenced this action

pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of Yonkers, Yonkers Police

Officers Dennis Molina, R. Clerigo, Callahan, Jackson, Gormally, Blake, Belluscio, Clayton,

Almonte, Gogaiallo, Buchanan, Collins, Westchester County, Aramark Correctional Services,

LLC[1] ("Aramark"), and Correct Care Solutions, LLC ("CCS"). Presently before the Court are the

unopposed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Westchester

County and Aramark (ECF No. 48) and CCS (ECF No. 43). For the following reasons, their

motions are GRANTED and Plaintiff's Complaint is dismissed as against Aramark, Westchester

County, and CCS without prejudice.

---

[1] Aramark Correctional Services, LLC is improperly pleaded as Aramark. To the extent Plaintiff
files an Amended Complaint, he should use Aramark's correct legal name.

**BACKGROUND**

The following facts are taken from the Complaint and are assumed to be true for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).  As the instant motions were brought solely on behalf of Westchester County, Aramark, and CCS (collectively, the "Moving Defendants"), the Court primarily limits the following summary to those factual allegations relevant to the conduct of the Moving Defendants.

Sometime in or around May 2018, Plaintiff was arrested by the Yonkers Police Department and eventually charged in a felony complaint with burglary in the second degree before a New York state court.  ((Complaint ("Compl.") (ECF No. 2) at 4A.[2]) Plaintiff asserts that the City of Yonkers, Yonkers Police Officers Dennis Molina, R. Clerigo, Callahan, Jackson, Gormally, Blake, Belluscio, Clayton, Almonte, Gogaiallo, Buchanan, Collins (the "Non-Moving Defendants") violated Plaintiff's Constitutional rights in the course of arresting him and prosecuting him due to the absence of evidence that he engaged in criminal conduct and the presence of exculpatory evidence. (*Id.*) The Non-Moving Defendants have not submitted any motion to dismiss the Complaint and, accordingly, the Court need not address these claims.

At all relevant times, for the purposes of allegations against Moving Defendants, Plaintiff was a pre-trial detainee at the Westchester County Department of Corrections jail facility ("WCDOC"), and an individual suffering from soy intolerance.  (Compl. at 4B.)  Between May 20, 2018 until June 20, 2018, Plaintiff unwittingly consumed soy because Aramark and Westchester County allegedly served Plaintiff food containing soy alongside soy-free food in a

---

[2] The core factual allegations of the Complaint are not paragraphed and are instead featured on pages 4A, 4B, and 5.  Citations to the Complaint refer to the page number on which the corresponding allegation may be found.

non-conspicuous manner. (*Id.*) Plaintiff was served these products even though Aramark and Westchester County allegedly knew about his allergy. (*Id.*) After eating the food containing soy, Plaintiff claims that he became terribly ill between May and June of 2018. (*Id.*) Plaintiff does not directly state any allegation against CCS or explain what, if any, role CCS plays in the provision of food to inmates at WCDOC.

Plaintiff seeks, among other things, $5,000,000 in compensatory damages and $10,000,000 in punitive damages against all Defendants.

## STANDARD

*Fed. R. Civ. P. 12(b)(6)*

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"Pro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). In fact, courts must interpret the pro se plaintiff's pleading

"to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

*42 U.S.C. § 1983*

Section 1983 provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted

4

under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Westchester County*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted).

## DISCUSSION

Liberally construed, Plaintiff attempts to allege a deliberate indifference claim pursuant to Section 1983 against Westchester County, Aramark, and CCS in connection with the food served to him at WCDOC. In their motion, Westchester County and Aramark argue, among other things, that Plaintiff's claims against Aramark and Westchester County fail because Plaintiff has not established a policy or custom in order to trigger *Monell* liability. (*See* Westchester County's and Aramark's Memorandum in Support of Their Motion to Dismiss ("Westchester Mem.") (ECF No. 49).) In its motion, CCS argues, among other things, that Plaintiff's claim against CCS fails because Plaintiff does not assert any allegations against CCS. (*See* CCS's Memorandum of Law in Support of it's Motion to Dismiss ("CCS Mem.") (ECF No. 45).). The Court agrees with the Moving Defendants, and addresses their respective arguments in turn.

**I.      Deliberate Indifference Claim against Westchester County and Aramark**

Westchester County and Aramark argue that Plaintiff's claims against them should be dismissed for failure to show a municipal policy or custom as required under *Monell*. (Westchester Mem. at 6-8.) The Court agrees with Westchester County and Aramark.

Municipalities or private actors engaged in governmental action,[3] may not be held liable under Section 1983 on a *respondeat superior* theory solely because the municipality or private

---

[3] Courts that have considered the issue have found that Aramark, in its capacity as a food provider at WCDOC, can be viewed a state actor for purposes of assessing *Monell* liability. *See,*

corporation engaged a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Instead, under *Monell*, a plaintiff must demonstrate "that the municipality itself caused or is implicated in the constitutional violation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). This generally requires a plaintiff to establish that "(1) an official custom or policy [ ] (2) subjected [him or her] to (3) a denial of a constitutional right." *Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 40 (E.D.N.Y. 2011); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("In order to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."). To establish an official custom or policy, a plaintiff must allege

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*White v. Westchester Cty.*, No. 18-CV-730 (KMK), 2018 WL 6726555, at *10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

---

*e.g.*, *Pagan v. Westchester Cty.*, No. 12 Civ. 7669(PAE)(JCF), 2014 WL 982876, at *23-24 (S.D.N.Y. Mar. 12, 2014). Indeed, this Court has previously explained that (1) "Aramark's 'seemingly private' behavior can be treated as that of the state given that the challenged action, proper food service, flows directly from the obligations of the government entity and is performed under its supervision," and (2) "Aramark, by providing meals to inmates, performs a 'public function' and therefore is a state actor." *Salgado v. DuBois*, No. 17-cv-6040 (NSR), 2019 WL 1409808, at *9 (S.D.N.Y. Mar. 28, 2019). Regardless, the Court need not address this issue in depth here because Aramark has permitted the Court to treat it as a state actor for purpose of this motion only. (Westchester Mem. at 6.)

*Monell* liability premised upon an unofficial policy or custom, can only survive a motion to dismiss if the practice, custom, or usage is so widespread and persistent that it has the force of law. *Goode v. Westchester Cty.*, No. 18-cv-2963 (NSR), 2019 WL 2250278, at *3 (S.D.N.Y. May 24, 2019). Although a plaintiff is not required to identify an express rule or regulation to establish a *Monell* claim, proof of "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir.1998) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991) (internal quotation marks omitted). "In the end, therefore, a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Hayes*, 853 F.Supp.2d at 439 (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir.2008) (internal quotation marks omitted).

Here, Plaintiff fails to allege "any facts suggesting the existence of an official policy or custom under any of the above four factors, or any facts suggesting an official policy or custom" caused Westchester County or Aramark to serve him with food containing soy. *Hoffstead v. Aramark Corr. Servs., LLC*, No. 18 CV 2381 (VB), 2019 WL 1331634, at *5 (S.D.N.Y. Mar. 25, 2019). Indeed, he has not even alleged that a policy or custom exists. Therefore, the Complaint does not include a facially plausible *Monell* claim against Defendants Westchester County or Aramark on the basis of an official or unofficial policy or custom.

Likewise, Plaintiff fails to premise his *Monell* claim based upon improper training, hiring, or supervision. Where municipal liability is based on a failure to train employees, the inadequate training must "reflect[ ] deliberate indifference to . . . constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). It is appropriate to dismiss a *Monell* claim where a plaintiff fails to allege "any facts for this Court to conclude that . . . any individual defendant acted due to a

failure by [Municipality] **to provide adequate training or supervision**." *Edwards v. Orange Cty.*, No. 17-CV-10116 (NSR), 2020 WL 635528, at *6 (S.D.N.Y. Feb. 10, 2020) (emphasis added). At best, Plaintiff names one of his causes of action "failure to properly hire, train, and supervise" (Compl. at 2.) Even if the Court liberally construes this to assert that Aramark and Westchester County failed to properly train their employees, it would still be insufficient to state a claim because "conclusory allegations that a municipality failed to train and supervise its employees is insufficient to state a *Monell* claim." *Davis v. City of New York*, No. 07-CV-1395(RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008).

Accordingly, Plaintiff's claims against Westchester County and Aramark are dismissed without prejudice.

## II.        Claims against CCS

CCS argues that Plaintiff's claim against it should be dismissed because Plaintiff fails to mention CCS outside of the case caption, much less describe what conduct CCS engaged in that purportedly gave rise to a cause of action. (CCS Mem. at 3.) The Court agrees with CCS.

In this circuit "it is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000); *see Calvin v. Schmitt*, 2017 WL 4280683, at *8 (S.D.N.Y. July 7, 2017) (dismissing claim against a defendant who was named in the caption but not otherwise mentioned in the complaint). Though Plaintiff names CCS a defendant in the caption, the Complaint does not reference CCS outside of the caption, much less assert any allegations as to how CCS purportedly violated Plaintiff's rights. Accordingly, Plaintiff's claims against CCS are dismissed without prejudice.

III.        **Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

However, the Court may properly deny leave to amend for "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. *See Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d at 112). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

Here, because Plaintiff has not previously amended his complaint, the Court grants Plaintiff leave to file an amended complaint and replead his *Monell* claims against CCS, Aramark, and Westchester County to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, Plaintiff's Amended Complaint must address the deficiencies identified in this Opinion and Order and must:

1.  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

2.  include any details he may provide regarding why he believes Aramark, CCS, Westchester County, or any of their employees gave him food containing soy;

9

3.  include any facts regarding the existence of an official Aramark, CCS, or Westchester County policy or custom that caused the deprivation of a constitutional right;

4.  describe any facts regarding a failure to appropriately hire, train, or supervise including which individuals were inappropriately hired, trained, or supervised and which entities were responsible for those individual's hiring, training, or supervision;

5.  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; and

6.  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered as a result of those acts or omissions.

Essentially, the body of Plaintiff's Amended Complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

Finally, the Amended Complaint will completely replace, not supplement, the existing complaint. Therefore, Plaintiff must include in the Amended Complaint all information necessary for his claims. However, Plaintiff is directed to include in his Amended Complaint only those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED, Plaintiff's claims against CCS, Westchester County, and Aramark are dismissed without prejudice, and Plaintiff is granted leave to amend his Complaint in accordance with this Opinion. Plaintiff is directed to file an Amended Complaint on or before August 31, 2021. An amended prisoner complaint form is attached to this Opinion. If no amendment is made by August 31, 2021, or Plaintiff fails to move for an extension to that deadline, the Complaint may be dismissed with prejudice as against CCS, Westchester County, and Aramark without further notice. If Plaintiff elects to file an Amended Complaint, then Defendants shall have until 30 days from the date of Plaintiff's filing to answer the Amended Complaint or seek leave to file a non-frivolous and non-repetitive motion to dismiss.

The Clerk of Court is directed to terminate the motion at ECF No. 48 and ECF No. 43 and to mail

a copy of this Opinion to *pro se* Plaintiff at the address listed on ECF and show service on the

Docket.

Dated:    July 27, 2021                                        SO ORDERED:
          White Plains, New York


_____
HONORABLE NELSON S. ROMÁN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                 Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address            City            State            Zip Code

_____
Telephone Number            E-mail Address

_____
Date            Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007